IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CARLOS A. ARMENTA,              §
TDCJ-CID NO. 743688,            §
                                §
            Petitioner,         §
                                §       CIVIL ACTION NO. H-08-2211
v.                              §
                                §
NATHANIEL QUARTERMAN,           §
                                §
            Respondent.         §

## MEMORANDUM OPINION AND ORDER

Carlos A. Armenta, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a Petition for Writ of Mandamus (Docket Entry No. 1) regarding a state court criminal proceeding.  The court will dismiss the petition for the reasons stated below.

## I.  Procedural History and Claims

Armenta is confined in TDCJ-CID pursuant to a forty-year sentence after a guilty plea to a murder charge.  State v. Armenta, No. 9402665 (179th Dist. Ct., Harris County, Tex., Dec. 8, 1995).  No direct appeal was filed.  See Armenta v. Dretke, No. H-05-0027 (S.D. Tex. May 16, 2005) (habeas action).  Armenta filed a state application for a writ of habeas corpus in August of 2004.  The Texas Court of Criminal Appeals denied the application on

December 1, 2004. <u>Ex parte Armenta</u>, No. 60,610-01. (See Docket Entry No. 1 at 2.) See also Website for Texas Court of Criminal Appeals, <u>http://www.cca.courts.state.tx.us/opinions</u>.

Armenta filed a second state habeas application, which the Court of Criminal Appeals dismissed as successive on June 28, 2006. <u>Ex parte Armenta</u>, No. 60,610-02. Armenta claims he filed a notice of appeal with a motion for extension of time on July 6, 2006. (Docket Entry No. 1 at 2) He then filed his appeal on August 12, 2006. <u>Id.</u> Armenta alleges that the Court of Criminal Appeals did not rule on his appeal of the habeas dismissal despite his requests. The only response he received from the Clerk of the Court of Criminal Appeals dismissed the petition on June 28, 2006. <u>Id.</u>

Armenta filed a motion for leave to file a writ of mandamus. (Docket Entry No. 1 at 2) The Court of Criminal Appeals denied the petition without a written order on June 18, 2008. <u>Ex parte Armenta</u>, No. 60,610-03. He has recently filed a petition for discretionary review (PDR), which has not been ruled upon by the Court of Criminal Appeals. <u>Armenta v. State</u>, No. 714-08. See Website, <u>http://www.cca.courts.state.tx.us/opinions</u>. Armenta seeks an order from this court directing the Court of Criminal Appeals to rule on his appeal or to release him from confinement. (Docket Entry No. 1 at 6) In the alternative, he requests that this court issue an order declaring his incarceration illegal. <u>Id.</u>

## II.  <u>Analysis</u>

Armenta's request has no basis under Texas law because he has previously had an opportunity to seek post-judgment relief in the Texas courts.   Under Texas law he may not continue to file petitions challenging the same criminal conviction after the Court of Criminal Appeals has denied relief.   <u>See</u> TEX. CODE CRIM. P. art. 11.07 § 4.   His apparent attempt to file a PDR with the Court of Criminal Appeals is clearly time barred under Texas law, which requires that such a petition be filed within thirty days after his appeal has been affirmed.   <u>See</u> TEX. R. APP. PROC. 68.2(a).

Apart from having no basis under Texas law, Armenta has no right to the relief he seeks in this court.   Federal courts are not authorized "to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." <u>Rhodes v. Keller</u>, 77 Fed. Appx. 261, 2003 WL 22309132 (5th Cir. 2003), <u>citing</u> <u>Moye v. Clerk,</u> <u>DeKalb County Superior Court</u>, 474 F.2d 1275-76 (5th Cir. 1973). <u>See also</u> <u>Nabelek v. Collins</u>, 48 Fed. Appx. 104, 2002 WL 31017129 (5th Cir. 2002) (federal court lacked authority to issue writ of mandamus directing state court to rule on petitioner's pending motions).

Armenta has previously sought habeas relief in the federal courts, and his petition was rejected as untimely under 28 U.S.C. § 2244(d).   <u>Armenta v. Dretke</u>, No. H-05-0027 (S.D. Tex. May 17, 2005).   Advance permission from the Court of Appeals is a

-3-

prerequisite to filing a successive habeas petition.   28 U.S.C. § 2244(b); Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003).   The primary purpose of this requirement is to eliminate repetitious judicial consideration of convictions and sentences.   See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).   There is no showing that the Fifth Circuit has authorized Armenta to file a second habeas petition.   A district court cannot rule on the merits of a successive petition that has been filed without such approval. Crone, 324 F.3d at 838; Lopez v. Valentine, 141 F.3d 974, 975-76 (10th Cir. 1998).   Armenta may not circumvent the federal prohibition against filing successive habeas petitions by using another means for the same purpose.   Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999) (Rule 60(b) motions are construed as successive habeas petitions subject to AEDPA).   See also Davis v. Fetchtel, 150 F.3d 486, 491 (5th Cir. 1998) (petition for mandamus relief after the court dismissed two habeas petitions raising same grounds was abuse of the writ).

Therefore, the petition for mandamus relief shall be dismissed.   If Armenta files an appeal, a Certificate of Appealability shall be denied because this action is clearly barred, and Armenta has not made a substantial showing of the denial of a constitutional right.   See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

-4-

### III.   Conclusion and Order

The court **ORDERS** the following:

1.    Carlos A. Armenta's Petition for Writ of Mandamus
      (Docket Entry No. 1) is **DISMISSED with prejudice.**

2.    The Clerk will provide a copy of this Memorandum
      Opinion and Order to the petitioner and a copy of
      the Petition and this Memorandum Opinion and Order
      to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 18th day of July, 2008.

                                    SIM LAKE
                    UNITED STATES DISTRICT JUDGE